**Todd Estes JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0501–CR–25.

Court of Appeals of Indiana.

Dec. 13, 2005.

William Byer, Jr., Byer & Byer, Anderson, for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Todd Estes Jones ("Jones") admitted a probation violation in Madison Superior Court. He appeals his probation revocation, raising one issue: whether the trial court abused its discretion by ordering him to serve thirty years of his previously suspended sentence. Concluding that the trial court properly sentenced Jones, we affirm.

### Facts and Procedural History

On March 24, 1997, on charges filed under four separate cause numbers,[1] Jones pled guilty to nine felonies: two counts of Class B felony robbery, two counts of Class B felony burglary, two counts of Class D felony theft, Class B felony criminal confinement, Class C felony robbery, and Class D felony criminal confinement. Jones was sentenced to an aggregate sixty-year sentence, with forty-two years suspended and ten years probation. The trial court modified Jones's sentence on May 18, 2001, reducing his executed time to four years with two years served on work release. On February 3, 2003, the trial court modified Jones's sentence again, reducing his work release term to eighteen months. Jones was released from the work release program on February 21, 2003, and began serving his probation.

On April 13, 2004, the State filed a notice of probation violation. The trial court conducted an evidentiary hearing on May 11, 2004, and found that Jones had violated the terms of his probation by committing new criminal offenses of resisting law enforcement and battery, failing to inform the probation department of his address, and using cocaine. Appellant's App. p. 19. As a result, the court resumed Jones's

---

1. On January 27, 2005, this court ordered that the four causes be consolidated for purposes of appeal.

probation with additional terms, which included a new substance abuse evaluation along with inpatient treatment if suggested and continued participation in the Intensive Supervision program through the Community Justice Center. *Id.*

On November 19, 2004, the State filed a second notice of probation violation, alleging that Jones violated his probation terms by failing to timely report to the probation department, failing to secure a travel permit for travel outside Indiana, failing to comply with treatment recommendations from the Center for Mental Health and to provide written verification of compliance, having contact on July 5 and 6, 2004, with Tammy Hunter in violation of the court's order, failing to comply with the RIGHT program of the Community Justice Center, and committing criminal offenses in Florida. Appellant's App. p. 49.

The trial court conducted an evidentiary hearing on December 21, 2004. At that hearing, Jones admitted that he had gone to Florida with his former girlfriend Tammy Hunter in violation of a no-contact order, failed to secure a travel permit, failed to comply with treatment and the RIGHT program, and that he failed to inform the probation department of his address. Tr. p. 4. He also admitted that he was convicted of criminal mischief in Florida for breaking the door handle on a police car. Tr. pp. 4–5. The court revoked Jones's probation and ordered him to serve thirty years of his previously suspended sentence. Jones now appeals.

## Discussion and Decision

Jones contends that the trial court abused its discretion by ordering him to serve thirty years of his suspended sentence instead of ordering continuing probation. Specifically, he argues that his admitted probation violation does not "reach the level" of requiring a thirty-year sentence in the Department of Correction. Br. of Appellant at 12.

We review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders v. State,* 825 N.E.2d 952, 956 (Ind. Ct.App.2005), *trans. denied* (citing Indiana Code § 35–38–2–3(g) (2004)). A defendant may not collaterally attack a sentence on appeal from a probation revocation. *Stephens v. State,* 818 N.E.2d 936, 939 (Ind. 2004) (citing *Schlichter v. State,* 779 N.E.2d 1155 (Ind.2002)). However, a defendant "is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed." *Id.*

Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Brabandt v. State,* 797 N.E.2d 855, 860 (Ind.Ct.App. 2003) (citing *Bonner v. State,* 776 N.E.2d 1244, 1247 (Ind.Ct.App.2002), *trans. denied* ). These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id.* Moreover, as we have noted on numerous occasions, a defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *E.g., Strowmatt v. State,* 779 N.E.2d 971, 976 (Ind.Ct.App.2002); *Davis v. State,* 743 N.E.2d 793, 794 (Ind.Ct.App. 2001), *trans. denied; Antcliff v. State,* 688 N.E.2d 166, 169 (Ind.Ct.App.1997). *See also Cox v. State,* 706 N.E.2d 547, 549 (Ind.1999).

Indiana Code section 35–38–2–3(g) provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:

> (1) continue the person on probation, with or without modifying or enlarging the conditions;
>
> (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>
> (3) order execution of the sentence that was suspended at the time of initial sentencing.

Ind.Code § 35–38–2–3(g) (2004).[2]

Here, Jones admitted to violating seven terms of his probation, but nonetheless argues that the trial court abused its discretion when it ordered that he serve thirty years of his forty-two year suspended sentence. Jones "would submit that modification of probation or increase of conditions would be an appropriate sanction." Br. of Appellant at 12.

As a benefit of the plea agreement he entered into in 1997, Jones avoided prosecution on several felony charges. For the counts he pled guilty to, he was then sentenced to sixty years, of which forty-two years were suspended, with ten years on probation. Jones subsequently received the benefit of two sentence modifications from the trial court, the net effect of which released Jones after five years of what was originally a net eighteen-year sentence. Thereafter, upon his first probation violation, the trial court permitted Jones to continue on probation with modified conditions. From his plea bargain to his second probation violation, the State and the trial court were compassionate and lenient. Af-

ter his second probation violation, the trial court's order that Jones serve thirty years of his previously suspended sentence is not an abuse of discretion.

Affirmed.

BAKER, J., and RILEY, J., concur.

---

**2.** Indiana Code section 35–38–2–3 was amended, effective July 1, 2005, to explicitly allow a trial court to order execution of "all or a part of" a probationer's suspended sentence. P.L. 13–2005. *See also Stephens v. State,* 818 N.E.2d 936, 941–42 (Ind.2004).