**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALFRED TAYLOR, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 15A04-1109-CR-500 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1007-FC-9

**March 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Alfred Taylor appeals his sentence upon the revocation of his probation. Taylor raises one issue, which we restate as whether the trial court abused its discretion by ordering him to serve 1,825 days of his previously-suspended sentence in the Department of Correction. We affirm.

The facts most favorable to the revocation follow. On July 21, 2010, Taylor was charged with nonsupport of a dependent child as a class C felony. On October 14, 2010, Taylor and the State entered into a plea agreement pursuant to which Taylor agreed to plead guilty and the State agreed to recommend that Taylor receive a sentence of 2,920 days of which 2,375 days would be suspended. Taylor agreed, pursuant to the plea agreement, not to consume alcoholic beverages or illegal controlled substances. Taylor also signed certain conditions of probation in which he agreed not to use any illegal drugs or controlled substances. On January 25, 2011, the trial court entered judgment of conviction and sentenced Taylor pursuant to the plea agreement.

On August 16, 2011, the Dearborn County probation office requested a probation violation hearing alleging that Taylor had submitted to a urine screen on August 11, 2011, and "tested positive for Opiates (Confirmed as Total Morphine), Cocaine and Alcohol" and that he submitted to a portable breath test on August 15, 2011, and "tested .087 BrAc on the PBT" and that "[t]his is a violation of probation." Appellant's Appendix at 18. On September 6, 2011, the court held an initial hearing at which Taylor admitted to the violation. On September 7, 2011, after a sentencing hearing, the court entered an order granting the petition to revoke probation and ordered that Taylor serve 1,825 days of his previously-suspended sentence.

The sole issue is whether the trial court abused its discretion by ordering Taylor to serve 1,825 days of his previously-suspended sentence in the Department of Correction. Taylor argues that "the fact that he admitted his probationary lapse did save court time and judicial resources" and that "[h]is admission alleviated the need for the State to present a full-blown fact-finding hearing." Appellant's Brief at 5. Taylor further argues that it is clear from the presentence investigation report that he has an untreated drug problem and that "[r]ather than spend thousands of dollars incarcerating Taylor for the next five years, the [S]tate's resources would be better spent treating him." Id. at 6. Taylor also argues that "the revocation of five years was not necessary to bring about his reform." Id. Taylor requests this court to reverse the decision of the trial court and issue an order directing that one year of his previously-suspended sentence be revoked.

The State argues that Taylor "admitted that he had violated the conditions of his probation by testing positive for opiates, cocaine and alcohol" and that "[t]his action was not merely a violation of the terms of his probation but also constituted a new criminal offense." Appellee's Brief at 4. The State further argues that, while Taylor "seems to suggest that he should have been given credit for admitting that he violated the terms of his probation," the trial court "did precisely this, observing that it could revoke the entire six and a half year probation, but gave [Taylor] credit for admitting that he had violated the terms of his probation, and instead revoked five years of his probation." Id. at 5. The State also asserts, with respect to Taylor's argument regarding treatment, that Taylor "appears to overlook the fact that on five previous occasions counseling has been ordered for him, but it has not seemed to have affected his behavior" and that "on three separate

3

occasions the trial court has shown him leniency and given him probation, only to have [Taylor] violate the terms of his probation." Id.

Ind. Code § 35-38-2-3(g) sets forth a trial court's sentencing options if the trial court finds a probation violation. The provision provides:

> If the court finds that the person has violated a condition at any time before termination of the period, the court may impose one (1) or more of the following sanctions:
>
> (1)     Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2)     Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3)     Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g). Ind. Code § 35-38-2-3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options. Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. at 188. The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation

4

omitted).  As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence."  Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

Here, at the September 7, 2011 hearing, the State argued that Taylor had a significant criminal history which included two previous probation violations.  The State also noted that Taylor has made some support payments since he was convicted on January 25, 2011, but not the ordered amount, and that his arrears had increased to $18,682.  The State then recommended that the entire 2,375 days of Taylor's previously-suspended sentence be revoked.  Taylor stated that he had an upcoming modification hearing regarding his child support and that the reason he fell behind was because he had been recently laid off from his job.  The State noted that Taylor was "not here for not paying" but "because he tested for opiates, cocaine and alcohol."  Transcript at 15.

The trial court found using opiates, cocaine and alcohol while on probation to be a serious violation of probation.  The court stated that it considered "the criminal history . . . of drug paraphernalia; public intoxication; OWI; possession of marijuana; public intoxication; felony OWI; resisting law enforcement; possession of marijuana; public intoxication; [and] furnishing alcohol to a minor."  Id. at 17.  The presentence investigation report (the "PSI") reveals that Taylor was convicted of possession of paraphernalia in 1995, public intoxication in 1996, O.W.I. in 2007, two counts of possession of marijuana, public intoxication, O.W.I. /w Prior, and resisting law enforcement in 1998, public intoxication and domestic battery in 2004, furnishing alcohol

5

to minor in 2005, and nonsupport of dependent child in 2010. The PSI also shows that Taylor was found to have violated probation in 1996 and 2005.

Further, the court stated that it considered the fact that the child support payments "are not being made as required by the sentencing order" and that "the Court finds that the culpability of [] Taylor and his probation violation is high." Id. The court further stated that it "finds mitigating that [] Taylor has admitted to this probation violation, without any plea agreement, which is an open admission to the Court." Id. at 17-18. The court then noted that it had "discretion to revoke up to six and a half years" and that "[l]aying [out] these aggravating and mitigating factors, the Court does give [] Taylor a credit for taking responsibility and admitting as early as his initial hearing that he has violated probation" and then ordered that Taylor serve five years, or 1,825 days, of his previously-suspended sentence of six and a half years, or 2,375 days. Id. at 18.

Given the circumstances, we cannot say that the trial court abused its discretion in ordering Taylor to serve a portion of the previously-suspended portion of his sentence. See Jones v. State, 838 N.E.2d 1146, 1149 (Ind. Ct. App. 2005) (holding that the trial court did not abuse its discretion in ordering the defendant to serve a portion of his previously suspended sentence as a result of probation violations).

For the foregoing reasons, we affirm the trial court's order that Taylor serve 1,825 days of his previously-suspended sentence in the Department of Correction.

Affirmed.

MAY, J., and CRONE, J., concur.