**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKLE**
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 12 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY A. BOOTH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1111-CR-560 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0310-FB-2785

**July 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Jeffrey[1] A. Booth appeals the trial court's order revoking his probation and imposing the entirety of his suspended four-year sentence. Booth raises two issues for our review, which we restate as: 1) whether the trial court abused its discretion when it revoked Booth's probation; and 2) whether the trial court abused its discretion when it ordered Booth to serve his entire previously suspended four-year sentence. Concluding the trial court did not abuse its discretion in either respect, we affirm.

## Facts and Procedural History

On July 12, 2005, Booth was convicted of dealing in methamphetamine, possession of methamphetamine, and operating while intoxicated, all felonies, and was sentenced to twelve years with four years suspended to probation. Booth was released from incarceration on April 1, 2008, to begin serving his four years on probation.

On February 1, 2011, nearly three years into his probation, Booth did not attend his scheduled appointment with his probation officer due to inclement weather. However, Booth did not contact his probation officer to reschedule. On February 3, 2011, when the probation officer attempted to contact Booth, she was informed the phone number and address she had for Booth were not current. She called several more times in February and in March. She left messages each time with relatives requesting Booth contact her, but she was not able to reach him nor did she receive a call back from him.

Shortly after midnight on March 9, 2011, the Terre Haute Police Department received an anonymous call stating that methamphetamine was being cooked in a garage

---

[1] Although the cover page to the Brief of Appellant spells Booth's name "Jeffery," within the brief and throughout the record his first name is spelled "Jeffrey." For the sake of clarity in our opinion we have used the version more widely used in the briefs and record.

located on 6th Street. When police officers arrived at the house to investigate, "they smelled a strong chemical smell coming from the garage." Transcript at 12. As they approached the garage's main entrance, Booth opened the door and exited out of the garage to smoke a cigarette. When the officers approached Booth and inquired about what was going on, Booth informed them that he was there working on a car. Per the officers' request, Booth knocked on the door and asked his friend to open it. Upon entering the garage, the officers found all the components and equipment necessary to manufacture methamphetamine with the exception of an anhydrous tank. Booth was arrested for manufacturing methamphetamine, a Class B felony. Following his arrest, Booth voluntarily admitted to the police officers that he was aware methamphetamine was being manufactured in the garage and had smoked methamphetamine in the garage earlier that day.

The probation department filed a petition to revoke Booth's probation because he was arrested for a new offense, failed to report to his probation officer, and failed to provide a current address. After an evidentiary hearing, the trial court found that Booth violated his probation and sentenced him to serve the previously suspended four-year sentence. Booth now appeals the revocation of his probation and order that he serve the four-year suspended sentence.

Discussion and Decision

I. Revocation of Probation

3

"Probation is a matter of grace and a conditional liberty which is a favor, not a right." Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). The trial court determines the conditions of probation and may revoke probation at its discretion if those conditions are violated. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Id. When reviewing an appeal from revocation of probation, we consider only the evidence most favorable to the judgment, and will not reweigh the evidence or judge the credibility of the witnesses. Cox v. State, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of his probation, we will affirm the trial court's decision to revoke probation. Woods v. State, 892 N.E.2d 637, 639-40 (Ind. 2008).

"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." Jones v. State, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. Id. "Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." Woods, 892 N.E.2d at 640 (citing Morrissey v. Brewer, 408 U.S. 471, 479-80 (1972)).

In order for the trial court to revoke a person's probation, the State must first prove beyond a preponderance of the evidence that the person violated a condition of his

probation during the probationary period. See Ind. Code § 35-38-2-3(a), (f). In this case, Booth failed to report to his probation officer; he failed to notify the probation officer of his change of address; he admitted to smoking methamphetamine; and he was arrested for a new offense of manufacturing methamphetamine, all of which violated the provisions of his probation agreement. Even if Booth is not ultimately convicted of manufacturing methamphetamine, he was in a place where it was being manufactured and he was aware of that fact. The very reason for Booth's incarceration and four years probation was because of his dealings with methamphetamine. Booth's probationary period did not serve as a genuine rehabilitation because he relapsed and his numerous violations of the terms of his probation agreement warrant revocation of his probation. The trial court did not abuse its discretion in revoking Booth's probation.

## II. Sentence on Revocation

Booth argues imposing the entire four-year suspended sentence is an abuse of discretion by the trial court because he had served an eight year executed sentence and completed almost three years of his four year probationary period. The trial court's sentencing decisions for probation violations are reviewed under the abuse of discretion standard. Prewitt, 878 N.E.2d at 187. Upon finding a probation violation, the trial court is required to look to the terms of Indiana Code section 35-38-2-3, for the potential consequences to be imposed for a defendant's violation of probation. Cox, 850 N.E.2d at 491. When a violation of a condition of the probation agreement occurrs at any time before termination of the probationary period, the trial court at its discretion may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary

5

period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

Here, the trial court imposed execution of the entire four years that had been suspended at the time of the initial sentencing upon finding that Booth had violated numerous conditions of his probation. The probation violation statute does not distinguish the consequences based on the amount of time of the probationary period that has been completed. Therefore, it does not matter if Booth completed one day or three and a half years of the four year probationary period when the violation occurred, a violation during the probationary period is still a violation. Further, Booth's seemingly good behavior by not resisting arrest, assisting the officers with opening the door to the garage, and voluntarily admitting that he smoked methamphetamine does not negate the fact that he violated conditions of his probation. Indiana law grants the trial court authority to determine the consequences of Booth's probation violation. Cox, 850 N.E.2d at 491. The trial court used its discretion to impose what it believed to be the best consequence for Booth's probation violation. Considering the nature of Booth's violation in relation to the nature of his original offenses, the trial court did not abuse its discretion by ordering Booth to serve his four-year previously suspended sentence.

## Conclusion

For the foregoing reasons, we affirm the trial court's revocation of Booth's probation and order imposing the entire four-year suspended sentence.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.