Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2012, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANIEL CRABTREE,                )
                                )
    Appellant,              )
                                )
        vs.             )     No. 15A01-1203-CR-131
                                )
STATE OF INDIANA,               )
                                )
    Appellee.               )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-0710-FA-005

**October 11, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Danny Crabtree was convicted in Dearborn Superior Court of Class C felony child molesting and ordered to serve four years, with the entirety of that sentence suspended to probation. His probation was revoked after he failed to attend two sessions of a court-ordered sex offender treatment program. The trial court ordered him to serve two years and 180 days of his previously suspended sentence and extended his probation upon release by two years. Crabtree appeals his sentence.

We affirm.

**Facts and Procedural History**

On October 1, 2007, Crabtree was indicted for Class A felony child molesting. Crabtree was accused of molesting his five-year-old daughter. On September 2, 2010, he agreed to plead guilty to Class C felony child molesting. In the plea agreement, the State recommended that Crabtree receive a four-year sentence, with the entire sentence suspended to reporting probation.

The trial court accepted Crabtree's guilty plea and imposed the sentence recommended by the State in the plea agreement. As a condition of his probation, Crabtree was ordered to participate in and successfully complete a court-approved sex offender treatment program. He was further ordered not to miss any treatment sessions "without the prior approval of [his] probation officer and the treatment provider involved, or a doctor's excuse." Appellant's App. p. 71.

On October 14, 2011, the State filed a petition to revoke Crabtree's probation because he had failed to attend two sessions of his sex offender treatment program. At the November 22, 2011 revocation hearing, Crabtree admitted that he had failed to attend

2

the court-ordered sessions and failed to contact his probation officer to explain his absence. The trial court revoked Crabtree's probation, and a separate sentencing hearing was held on December 20, 2011. Shortly thereafter, the trial court ordered Crabtree to serve two years and 180 days of his previously suspended sentence in the Department of Correction. The court also extended Crabtree's probationary period by an additional two years upon his release from incarceration.

Finally, the trial court observed that Crabtree was living with minor children prior to his incarceration and that he desired to return to that living arrangement. The court noted that his "non-compliance with the treatment program is a serious violation and that [Crabtree] is a risk to children." Appellant's App. p. 52. Therefore, the trial court modified Crabtree's conditions of probation to include "no contact with any children under the age of eighteen [] and that all prior exceptions for contact with children be eliminated until further order of the Court." Id. at 53. Crabtree now appeals.

**Discussion and Decision**

A defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." Jones v. State, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). The trial court may revoke a defendant's probation if the conditions are violated. Ind. Code § 35-38-2-3. When a trial court has exercised its grace by ordering probation rather than incarceration, the trial court should have considerable leeway in deciding how to proceed when revoking the defendant's probation. See Prewitt v. State, 878 N.E.2d 184. 188 (Ind. 2007). "Accordingly, a trial court's sentencing decisions for probation violations are reviewable

3

using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id.

Pursuant to Indiana Code section 35-38-2-3(h), after finding that a person has violated a condition of his probation, the trial court may:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Pursuant to the State's recommendation in the plea agreement, Crabtree was sentenced to the advisory term of four years for his Class C felony child molesting conviction, and the entire four-year sentence was suspended to reporting probation. As a condition of his probation, Crabtree was ordered to participate in and successfully complete a court-approved sex offender treatment program. He was further ordered not to miss any treatment sessions "without the prior approval of [his] probation officer and the treatment provider involved, or a doctor's excuse." Appellant's App. p. 71.

At the probation revocation hearing, Crabtree admitted that he failed to attend two required sex offender treatment program sessions without prior approval from his probation officer. Crabtree also admitted that he failed to report his absence to his probation officer and/or the treating provider. Crabtree had also missed five additional sessions, but those absences were excused. In all, Crabtree accumulated seven absences from the program in ten months. Ex. Vol., State's Ex. 1.

4

By failing to attend the treatment program sessions and report his absence to his probation officer, Crabtree has demonstrated that he is unable to abide by the terms of his probation. Moreover, his failure to attend sex offender treatment program sessions is troubling given the nature of his conviction. For all of these reasons, we conclude that the trial court acted within its discretion when it ordered Crabtree to serve two years and 180 days of his previously suspended sentence in the Department of Correction and extended his probation by an additional two years upon release from incarceration.

Finally, Crabtree argues that the trial court abused its discretion by modifying the conditions of his probation, which will prevent him from having any contact with his minor children after he is released from incarceration. Crabtree was convicted of molesting his own daughter, with whom he is ordered to have no contact. On the record before us, and particularly given Crabtree's willful failure to attend his court-ordered sex offender treatment, we conclude that the trial court acted within its discretion when it decided to restrict Crabtree's access to his other minor children "until further order of the Court." Appellant's App. p. 53.

Affirmed.

VAIDIK, J., and BARNES, J., concur.