# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Shaun S. Nesbit,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 3, 2017

Court of Appeals Case No.
84A01-1611-CR-2704

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1108-FB-2493

**Altice, Judge.**

**Case Summary**

Shaun S. Nesbit appeals following the revocation of his probation. On appeal, Nesbit argues that the trial court abused its discretion in ordering him to serve the remainder of his previously suspended sentence in the Department of Correction (DOC).

We affirm.

## Facts & Procedural History

In 2012, Nesbit was convicted pursuant to a guilty plea of class B felony dealing in methamphetamine. He was sentenced to fourteen years, with six years executed and eight years suspended to probation. Several notices of probation violation were filed against Nesbit over the ensuing years. The one relevant to this appeal alleged that Nesbit had violated probation by committing multiple new offenses, testing positive for methamphetamines, amphetamines, and marijuana, and failing to report to probation. Nesbit admitted to violating probation in exchange for the dismissal of the new charges, and he requested that he be allowed to continue on probation on the condition that he enter a long-term drug treatment program. The trial court rejected Nesbit's request and ordered him to serve the entirety of his previously suspended sentence in the DOC. Nesbit now appeals.

## Discussion & Decision

On appeal, Nesbit argues that the trial court abused its discretion by ordering him to serve the remainder of his previously suspended sentence in the DOC.

We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h).

[5] Nesbit argues that in light of his ongoing struggles with substance abuse, he should have been allowed to enroll in a long-term substance abuse treatment program rather than ordered to serve his sentence in the DOC.[1] We are unconvinced. We note, as did the trial court, that Nesbit has received extensive treatment for his substance abuse, but nevertheless continues to abuse drugs and commit new crimes. Nesbit has been shown considerable lenience and given multiple opportunities to address his addiction, all to no avail. In the words of

---

[1] Nesbit's reliance on Ind. Appellate Rule 7(B) is misplaced. *See Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008) (explaining that the sanctions imposed for a probation violation are not subject to review for inappropriateness pursuant to Ind. App. R. 7(B)).

the trial court, Nesbit has "earned [his] way back to the DOC, plain and simple." *Transcript Vol. 3* at 26.

[6]     Judgment affirmed.

[7]     Kirsch, J. and Mathias, J., concur.