## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Maloney, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 3, 2017 <br><br> Court of Appeals Case No. <br> 69A01-1702-CR-333 <br><br> Appeal from the Ripley Circuit Court and Superior Court <br><br> The Honorable Jeffrey Sharp, Judge <br><br> Trial Court Cause No. <br> 69C01-1501-F5-2, 69D01-1510-F6-136, 69D01-1601-F6-101 |

**Altice, Judge.**

## Case Summary

[1] James Maloney appeals following the revocation of his probation under three cause numbers. He argues that the trial court abused its discretion in ordering him to serve the bulk of his previously suspended sentences in the Department of Correction (DOC).

[2] We affirm.

## Facts & Procedural History

[3] In January 2015, the State charged Maloney in Cause No. 69C01-1501-F5-2 (Cause F5-2) with Level 5 felony intimidation with a deadly weapon and Class A misdemeanor domestic battery. These charges arose from an incident with his wife, E.F. While out on bond in October 2015 and when a no-contact order was in place, Maloney was arrested for battering E.F. again. This new charge of Class A misdemeanor domestic battery and an invasion of privacy count, as a Level 6 felony, were filed under Cause No. 69D01-1510-F6-136 (Cause F6-136). Maloney remained incarcerated following this second arrest.

[4] While being held in jail, Maloney was charged on January 7, 2016, with one count of conspiracy to commit invasion of privacy, one count of conspiracy to commit obstruction of justice, three counts of attempted obstruction of justice, and three counts of invasion of privacy, all as Level 6 felonies under Cause No. 69D01-1601-F6-10 (Cause F6-10). These all stemmed from Maloney's numerous attempts to contact E.F. and dissuade her from testifying against him in Causes F5-2 and F6-136.

On January 11, 2016, pursuant to a plea agreement, Maloney pled guilty as charged under Cause F6-136 and guilty to one count of conspiracy to commit obstruction of justice and one count of invasion of privacy under Cause F6-10. That same day, the trial court imposed an aggregate sentence of 1275 days with all but time served suspended in Cause F6-136 and 1460 days, all suspended, in Cause F6-10.

Maloney also pled guilty as charged under Cause F5-2. Following a sentencing hearing on March 18, 2016, the trial court sentenced him to consecutive terms of imprisonment of six years for Level 5 felony intimidation and one year for Class A misdemeanor domestic battery. The aggregate seven-year sentence was ordered suspended to probation. Thus, Maloney faced a total of over fourteen years on probation under the three causes.

After apparently being released from jail in another county, Maloney began serving his probation in the underlying causes on or about May 10, 2016. Less than four months later, he violated probation by battering E.F. again on September 2, 2016. E.F.'s injuries from the violent attack included a bloody nose, a knot on her wrist, bruising on her head, a missing clump of hair, and bites to her arms, legs, and breast. After beating E.F., Maloney forced her to shower to wash the blood from her body. E.F. was eventually able to flee the home and seek assistance from a neighbor. She was taken by ambulance to the hospital and treated for her injuries.

[8] On September 14, 2016, Maloney's probation officer learned of the filing of a criminal information for Level 5 felony battery under Cause No. 69C01-1609-F5-31 (Cause F5-31). He spoke with Maloney over the phone and requested that Maloney report to his office at 8:30 a.m. the following day. After Maloney did not show up for the probation appointment, he was found at his home and arrested that same day. Upon his arrest, Maloney was served with a protective order that, among other things, prohibited him from directly or indirectly contacting E.F.

[9] On September 16, 2016, notices of probation violation were filed in Causes F5-2, F6-136, and F6-10, alleging that Maloney had committed a new criminal offense and had failed to report to his probation officer as directed. The trial court held a fact-finding hearing on the alleged probation violations on December 20, 2016, at which the court found the allegations to be true. At the dispositional hearing on January 10, 2017, evidence was admitted that during his current incarceration, Maloney continually attempted to contact E.F. in violation of the protective order. He made approximately 200 calls to various numbers connected with E.F., many of which were made in an effort to keep her from testifying against him and lift the protective order. He made the last call within a few days of the dispositional hearing.

[10] At a pronouncement of sentence hearing on January 17, 2017, the trial court thoroughly addressed the facts and circumstances of the underlying crimes, Maloney's significant criminal history ("at least 20 arrests, 12 convictions and 8 prior probation violations"), his high risk to reoffend, the threat he posed to

E.F. if released on probation, and his actions during his current incarceration. *Transcript* at 164. The court then revoked the majority of Maloney's probation as follows:

> The Court revokes 6 years of Defendant's suspended sentence in Cause [F5-2]; 910 days in Count I and 185 days in Count II in Cause [F6-136] and 730 days in Count II and 545 days in Count VI in Cause [F6-10]; all to run consecutive to each other for a total of 12 years.

*Id*. at 166. Maloney appeals, arguing that the trial court abused its discretion by revoking so much of his previously suspended sentence.

## Discussion & Decision

[11] We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h).

[12]     Maloney argues that the trial court abused its discretion under the circumstances. Specifically, Maloney asserts that he has worked to combat his drug addiction and now understands the toxic relationship he has with his wife and the need to distance himself from her. Maloney notes that at the dispositional hearing he assured the trial court that it did not need to send him to prison to protect E.F.

[13]     Maloney's actions, however, speak much louder than his self-serving declarations of reformation. He violently attacked his wife in January 2015 and then while out on bond, he violated the no-contact order and battered her again in October 2015. While he was in jail following these two separate batteries, Maloney directly or indirectly contacted E.F. on numerous occasions in violation of the no-contact order.

[14]     After he was sentenced in the underlying causes and released to probation on May 10, 2016, he continued to have contact with E.F. On September 2, 2016, he beat her again, resulting in new criminal charges, a probation violation, and the issuance of a protective order. Undeterred during his incarceration, Maloney engaged in a continued campaign to directly or indirectly contact E.F. and encourage her to recant. Maloney made hundreds of improper calls, and the calls continued even after the fact-finding hearing on December 20, 2015. In fact, he attempted to contact E.F. a matter of days before the dispositional hearing held on January 10, 2017.

We agree with the trial court. Maloney has established – by his own actions – that he is not a good candidate for probation and that his release on probation would place E.F. in danger. The trial court did not abuse its discretion.

Judgment affirmed.

Kirsch, J. and Mathias, J., concur.