## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2017, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Eshelman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2017

Court of Appeals Case No.
15A04-1703-CR-476

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-0603-FB-4

**Altice, Judge.**

## Case Summary

[1] Anthony Eshelman appeals following the revocation of his probation. On appeal, he argues that he was denied due process because the trial court was biased against him and that the trial court abused its discretion in ordering him to serve the remainder of his previously suspended sentence in the Department of Correction.

[2] We affirm.

## Facts & Procedural History

[3] In January 2007, Eshelman pled guilty to Class B felony burglary and was sentenced to fifteen years, with thirteen years suspended to probation. Eshelman was released to probation in September 2007, and by January 7, 2008, a request for a probation violation hearing was filed alleging that Eshelman had tested positive for cannabinoids, cocaine, and opiates. The request was later amended to include allegations that Eshelman had committed a number of new offenses, including Class C felony robbery and Class B misdemeanor battery in December 2007, as well as charges relating to a high-speed police chase occurring in Ohio in March 2008. Eshelman ultimately pled guilty to the robbery charge and admitted to violating probation. He was sentenced to eight years executed on the new robbery charge and four years of his previously suspended sentence was revoked.

[4] Eshelman was again released to probation in September 2015. In May 2016, another request for probation violation hearing was filed alleging that Eshelman had again committed new offenses. Specifically, Eshelman had been charged

with two counts of Level 5 felony criminal confinement and one count of Class A misdemeanor theft. The incident on which the request was based involved Eshelman stealing his girlfriend's cell phone and confining her and her eleven-year-old daughter to his car without their consent. Following a hearing, the trial court found that Eshelman had violated his probation and ordered him to serve the remaining nine-year balance of his previously suspended sentence. Eshelman now appeals.

## Discussion & Decision

[5] We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h).

[6] Moreover, "probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Cox v. State*, 850 N.E.2d 485, 488 (Ind. 2006).

Nevertheless, once the State grants that favor, it cannot revoke the privilege at its discretion. *Id.* Because probation implicates a defendant's liberty interest, he is entitled to some procedural due process before probation is revoked. *Id.* However, because probation revocation deprives a defendant of only a conditional liberty, he is not entitled to the full panoply of due process rights afforded in a criminal proceeding. *Id.* The minimum due process requirements in a probation hearing include, among other things, a hearing before a neutral and detached hearing body. *Id.*

[7] Eshelman claims that he was deprived of due process because the trial court was biased against him. In Indiana, the law presumes that a judge is unbiased and unprejudiced. *Smith v. State*, 770 N.E.2d 818, 823 (Ind. 2002). To rebut this presumption, a defendant must establish from the judge's conduct actual bias or prejudice that placed the defendant in jeopardy. *Id.* "Such bias and prejudice exists only where there is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding." *Id.* "'To assess whether the judge has crossed the barrier into impartiality, we examine both the judge's actions and demeanor.'" *Perry v. State*, 904 N.E.2d 302, 307-08 (Ind. Ct. App. 2090) (quoting *Timberlake v. State*, 690 N.E.2d 243, 256 (Ind. 1997)). Neither adverse rulings nor the imposition of the maximum possible sentence will support a claim of judicial bias. *Tharpe v. State*, 955 N.E.2d 836, 839 (Ind. Ct. App. 2011); *Smith*, 770 N.E.2d at 823.

[8] Eshelman argues that the trial court was biased because it "improperly relied on previous criminal history and his prior violation in determining his

revocation[.]" *Appellant's Brief* at 11. This argument is meritless. There is nothing improper about a trial court considering such matters in determining the appropriate sanction for a probation violation. Eshelman also argues that the trial court expressed bias in its written order revoking Eshelman's probation for the first time in 2009 and in its statements during the hearing on this revocation. Specifically, in its 2009 order, the trial court expressed its belief that the entire thirteen-year suspended sentence should be revoked, but stated that it was "reluctantly" accepting the State's recommendation and revoking only four years. *Appellant's Appendix Vol. 2* at 152. Additionally, when imposing sanctions for the current probation violation, the trial court made the following statements: "Nine (9) years will be revoked. That is based upon the history that you have before this Court and other Courts Mr. Eshelman. It is a sentenced [sic] you have earned, frankly you've previously earned it and now you're going to receive it." *Transcript* at 139. According to Eshelman, these statements indicate that the trial court "intended to revoke Eshelman's entire suspended sentence no matter what evidence was presented." *Appellant's Brief* at 12.

[9] We are unpersuaded. There is simply nothing about these statements that leads us to the conclusion that the trial court was biased against Eshelman. As to the 2009 order, we note that the trial court was not bound by the State's recommendation at that time—it was free to revoke the entirety of Eshelman's sentence. That it chose not to do so despite its misgivings is certainly not indicative of bias. Furthermore, the trial court's statements at the hearing on

the current probation revocation articulate the court's reasoning for imposing the entirety of the previously suspended sentence—Eshelman had been shown considerable lenience in the past and nevertheless reoffended. The trial court's reasoning in this regard was sound and in no way suggestive of bias.

[10] Eshelman also argues that the trial court's decision to revoke the entire nine-year balance of his previously suspended sentence was an abuse of discretion. In support, he directs our attention to his own testimony that he was gainfully employed, had a family support system, and had earned an associate's degree. He also points to testimony that he completed multiple "life changing" programs while in prison. *Id.* at 12. None of this, however, has prevented Eshelman from reoffending. On two separate occasions, Eshelman has violated his probation in this case by committing new felony offenses within less than a year of his release from incarceration. In sum, Eshelman has demonstrated that he is a poor candidate for probation, and revocation of his entire sentence was appropriate.

[11] Judgment affirmed.

[12] Baker, J. and Bailey, J., concur.