## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 29 2017, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

Douglas Flagle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 29, 2017

Court of Appeals Case No.
43A05-1704-CR-875

Appeal from the Kosciusko
Superior Court

The Honorable Joe V. Sutton,
Judge

Trial Court Cause No.
43D03-0907-FC-116

**Pyle, Judge.**

# Statement of the Case

After Douglas Flagle ("Flagle") admitted that he had violated his probation, the trial court revoked five and one-half years of his six-year suspended sentence. Flagle now contends that the trial court abused its discretion in revoking five and one-half years of his suspended sentence. Finding no error, we affirm the trial court's judgment.

We affirm.

# Issue

Whether the trial court abused its discretion in revoking Flagle's suspended sentence.

# Facts

In July 2009, the State charged Flagle in Kosciusko County with non-support of a dependent as a Class C felony. The information alleged that Flagle had knowingly or intentionally failed to provide support to his dependent child, S.F., and that the amount of unpaid support was at least $15,000. In November 2009, Flagle pled guilty to the charged offense pursuant to a written plea agreement. Flagle agreed that the amount of his unpaid child support was $21,175.00. Pursuant to the terms of the plea agreement, Flagle had ninety days to reduce his child support arrearage. If Flagle reduced his arrearage to $14,499.99 or less at the time of the sentencing hearing, judgment of conviction would be entered as a Class D felony and Flagle would be sentenced to a three-year suspended sentence. However, if Flagle's arrearage was $15,000 or higher

at the time of sentencing, judgment of conviction would be entered as a Class C felony and he would be sentenced to eight years in the Department of Correction. Two years of the eight-year sentence would be executed and six years would be suspended to probation. The plea agreement further provided that Flagle would not commit any criminal offenses. At the guilty plea hearing, the trial court took the plea agreement under advisement and scheduled a sentencing hearing for February 2010. Flagle was released from custody on his own recognizance pending the sentencing hearing.

[4]     Flagle failed to appear at the February 2010 sentencing hearing and therefore failed to review or sign the terms and conditions of his probation. A warrant was subsequently issued for his arrest. In July 2011, the Kosciusko County trial court was informed that Flagle, who had just been sentenced for seven felony convictions, was in custody in Elkhart County. The Kosciusko County trial court rescheduled the hearing for which Flagle had failed to appear, and in August 2011, the trial court approved the Kosciusko County plea agreement and imposed a judgment of conviction for Class C felony non-support of a dependent. Pursuant to the terms of the plea agreement, the trial court also sentenced Flagle to eight (8) years, with two (2) years executed and six (6) years suspended to probation. This sentence was ordered to run consecutively to the sentence for the Elkhart County convictions.

[5]     At some point in 2014, after he had served the executed portion of his sentence, Flagle was placed in Elkhart County's work-release program. Flagle had apparently been serving in the work-release program for almost a year when, in

April 2015, he failed to return to the work-release facility. In May 2015, Elkhart County charged Flagle with Level 6 felony failure to return to lawful detention. Flagle turned himself in to police in Michigan five months later.

[6] Based upon that charge, in February 2016, Flagle's Kosciusko County probation officer filed a petition to revoke Flagel's probation for the 2011 non-support of a dependent conviction. The petition also alleged that Flagle had violated his probation by failing to sign the terms and conditions of his Kosciusko County probation.

[7] At the March 2017 revocation hearing, Flagle explained that he had not reported to the probation department to review or sign the terms and conditions of his probation because he "was under the understanding that the reporting to the probation department was after that was all completed." (Tr. 14). He stated that he did "not have an excuse for not reporting other than (inaudible)." (Tr. 14). Flagle further explained that he had failed to return to Elkhart County's work release program because he had "had a little rebellious period and thought [he] would take advantage of it." (Tr. 21). The evidence further revealed that Flagle's child support arrearage was $51,407.08, and that his last child support payment in March 2016 had been for $17.00.

[8] Also at the hearing, the State argued as follows:

> [In February 2010], Mr. Flagle failed to appear for sentencing. The Court at that time issued a warrant for his arrest with [a] $100,000.00 surety bond. It appears that his disregard is not unique in this particular case based upon his own admission that

he absconded for five months from . . . Community Corrections and actually had to turn himself back into Niles, Michigan. Um, the child support arrearage, as far as I know, has not been substantially diminished if at all. It was $57,000.00 at the time of his sentencing. We would ask the Court to revoke his probation, discharge him unsatisfactorily and order him to serve the six years, less an appropriate credit that the Court determines under the circumstances, um, for his acceptance of responsibility and his admission at an early stage of these proceedings.

(Tr. 23).

[9] The trial court gave Flagle "a six[-]month cut for just being upfront and straight" about his probation violation. (Tr. 26). The trial court further revoked five and one-half years of Flagle's previously suspended six-year sentence and ordered Flagle to serve this time in the Department of Correction. Flagle appeals.

# Decision

[10] Flagle argues that the trial court abused its discretion in revoking five and one-half years of his previously suspended sentence. He specifically contends that the trial court "impos[ed] a particularly severe sentence considering the relatively minor nature of the probation violation." (Flagle's Br. 11).

[11] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than

incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[12] The record reveals that the trial court had an ample basis for its decision to revoke five and one-half years of Flagle's previously suspended sentence. Significantly, in 2009, Flagle pled guilty to Class C felony non-support of a dependent. After being released on his own recognizance, he failed to both appear at a scheduled hearing and sign the terms and conditions of his probation. Over a year later, after being sentenced for seven felony convictions in a different county, Flagle attended the hearing in Kosciusko County, where he was sentenced to eight years with six years suspended. Thereafter, while serving in an Elkhart County work-release program, Flagle failed to return to the work-release facility. He was subsequently charged with another felony for failing to return to lawful detention. Five months later, he turned himself in to police in another state. At the time of the probation revocation hearing, Flagle's child support arrearage was over $50,000, and he had not made a payment in the past year. Based on this evidence, we conclude that the trial court did not abuse its discretion when it revoked five and one-half years of

Flagle's previously suspended sentence. *See Jones v. State*, 838 N.E.2d 1146, 1149 (Ind. Ct. App. 2005) (holding that the trial court did not abuse its discretion in ordering Jones to serve thirty years of his previously-suspended sentence after he violated the terms and conditions of his probation).[1]

[13]    Affirmed.

Riley, J., and Robb, J., concur.

---

[1] Flagle further argues that even if the trial court did not abuse its discretion in ordering him to serve five and one-half years of his previously suspended sentence, his "placement at the Department of Corrections . . . is not appropriate." (Flagle's Br. 13). However, the two cases that he cites in support of this argument both involve direct appeals of a sentence. The Indiana Supreme Court has previously explained that Indiana Appellate Rule 7(B)'s inappropriate analysis "is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding." *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). We therefore do not address this argument.