## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2018, 6:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Todd Gregg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 24, 2018

Court of Appeals Case No.
48A02-1706-CR-1444

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause Nos.
48C03-1110-FB-1864, 48C03-1205-FD-825, 48C03-1110-FC-1948, & 48C03-1102-FD-261

**Altice, Judge.**

## Case Summary

Michael Todd Gregg appeals the revocation of his probation under four separate causes, resulting in him being returned to the Department of Correction (DOC) to serve a substantial aggregate sentence. On appeal, Gregg argues that the trial court abused its discretion by admitting hearsay evidence at the probation hearing and by ordering him to serve the remainder of his previously suspended sentences in the DOC.

We affirm.

## Facts & Procedural History

On October 27, 2011, the State charged Gregg with Class B felony dealing in methamphetamine, Class A misdemeanor resisting law enforcement, and Class A misdemeanor possession of marijuana in Cause 48C03-1110-FB-1864 (FB-1864). Gregg was found guilty as charged by a jury and sentenced, on April 16, 2012, to an aggregate term of twenty years in the DOC.

Thereafter, on June 11, 2012, Gregg entered into a plea agreement with the State to resolve pending charges in three other causes. Gregg pled guilty as follows: Class D felony receiving stolen property in Cause 48C03-1205-FD-825 (FD-825); Class D felony nonsupport of a dependent child in Cause 48C03-1110-FC-1948 (FC-1948); and Class A misdemeanor resisting law enforcement in Cause 48C03-1102-FD-261 (FD-261). That same day, the trial court sentenced Gregg to one year in the Madison County Jail, with six months on

work release and six months on in-home detention, under FD-261. Under FC-1948 and FD-825, Gregg received a three-year suspended sentence to the Madison County Jail and a three-year sentence to the DOC suspended to probation, respectively. The sentences for all three causes were ordered to be served consecutive to the twenty-year sentence imposed under FB-1864. Additionally, the sentence under FC-1948 was ordered to be served consecutive to the FD-261 and FD-825 sentences.

[5] In July 2015, Gregg sought modification of his sentence under FB-1864. The trial court held a modification hearing and on August 31, 2015, ordered Gregg released from the DOC and placed on in-home detention for six months. Gregg successfully completed three months of electronic monitoring on December 24, 2015. Following another modification hearing on January 25, 2016, the trial court placed Gregg on formal probation for the remainder of his sentence under FB-1864.

[6] Gregg was arrested on February 9, 2017, and the State filed notices of probation violations in all four causes the following day. The State alleged, among other things, that Gregg had failed to keep probation informed of his address and had used illicit drugs. The notices were later amended to include an allegation that Gregg had failed to obey the law and behave well in society, noting the filing of new criminal offenses related to dealing methamphetamine.

[7] The trial court held an evidentiary hearing with respect to the alleged violations on May 22, 2017. Tim Buck, Gregg's probation officer, testified without

objection that the probation department conducted a home visit on December 28, 2016, and learned from the homeowner that Gregg had not resided there for at least two weeks. Buck also testified that Gregg submitted to a drug screen on February 9, 2017, and tested positive for methamphetamine and cocaine "on the stick test." *Transcript* at 21. A urine sample was sent to the Witham Laboratory for analysis. Over Gregg's hearsay objection, the laboratory results indicating that Gregg tested positive for methamphetamine were admitted into evidence through State's Exhibit 1.

[8] The bulk of the State's evidence presented at the hearing came through the testimony of three detectives with the Madison County Drug Task Force (Task Force). Detective Michael Anderson with the Task Force testified in detail regarding a controlled buy that involved Gregg as the target. On January 31, 2017, Gregg sold 1.6 grams of crystal methamphetamine to a confidential informant for $150.

[9] In addition to the controlled buy, Detectives Keith Gaskill and Matthew Guthrie testified regarding a search warrant obtained and executed on February 16, 2017, at Ryan Roads's apartment. Gregg had been incarcerated for a week at this point, but the Task Force's continued investigation indicated that Roads was holding a substantial amount of methamphetamine and other property for Gregg, as well as driving Gregg's vehicle. Upon executing the search warrant, the Task Force found a safe in the kitchen. The safe contained plastic baggies, a digital scale, crack cocaine, and about 20 grams of crystal methamphetamine. Comingled with this contraband were Gregg's work identification card with his

photograph and a bill of sale for an automobile signed by Gregg and dated February 1, 2017, along with other personal property. Roads and his live-in girlfriend provided consistent statements to police regarding Gregg's property. Roads also eventually admitted that he had secreted a significant amount of Gregg's methamphetamine in a vehicle parked just outside the city. A search of the vehicle uncovered more than 200 grams of crystal methamphetamine.

[10] At the conclusion of the evidence, the trial court determined that Gregg had violated the terms of his probation by failing to keep probation advised of his current address, failing to abstain from the use of illegal drugs, and committing a new criminal offense. After hearing evidence regarding disposition of the probation violations, the trial court revoked each of Gregg's suspended sentences and returned him to the DOC to serve the remainder of his twenty-six-year aggregate sentence.

## Discussion & Decision

### Hearsay

[11] In a disjointed argument, Gregg contends that the trial court improperly admitted hearsay evidence at the probation hearing in violation of his confrontation rights. Specifically, he argues that State's Exhibit 1 – the laboratory report/urinalysis from Witham – should not have been admitted.[1]

---

[1] Gregg also complains that Buck was permitted to testify to information obtained from another probation officer indicating that Gregg was not residing at his reported residence at the end of December 2016.

[12] We remind Gregg of the well-established law that the Sixth Amendment of the United States Constitution does not apply to probation revocation proceedings, which are not criminal trials.[2] *See e.g.*, *Smith v. State*, 971 N.E.2d 86, 89 (Ind. 2012). Rather, a probationer's right to confrontation arises from general due process principles, and the right is satisfied where the hearsay evidence is "substantially trustworthy." *Id*. at 90.

[13] Because any error in the admission of State's Exhibit 1 was harmless, we need not determine whether this challenged evidence met the substantial trustworthiness test. "Proof of any one violation is sufficient to revoke a defendant's probation." *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010). Here, the bulk of the evidence presented by the State addressed Gregg's dealing in methamphetamine while on probation for dealing in methamphetamine. The State established that Gregg sold 1.6 grams of methamphetamine to a confidential informant and had access to a substantial additional amount of methamphetamine, which he had an associate hold while he was in jail. Gregg does not challenge this evidence, which alone supported the revocation of probation. We can say with confidence that the trial court would have imposed the same sanction had it considered only this most-serious

However, Gregg did not object to this evidence below on hearsay grounds – or any other grounds for that matter – so he may not be heard to complain on appeal. *See McQueen v. State*, 862 N.E.2d 1237, 1241 (Ind. Ct. App. 2007) (failure to object to hearsay evidence admitted at probation hearing waives the issue for appellate review).

[2] Article 1, section 13(a) of the Indiana Constitution, similarly, applies to "criminal prosecutions", which this is not.

violation. *See id.* ("trial court did nothing to indicate it would have reached a different decision had it considered only the two unchallenged violations").

## Sanction

Next, Gregg contends that the trial court abused its discretion when it ordered execution of the remainder of his aggregate twenty-six year sentence. He asserts that an alternative to incarceration, such as community corrections, should have been considered.

We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h).

The trial court granted great leniency to Gregg when it modified his sentence under FB-1864 and released him early to home detention and then probation. Gregg squandered that opportunity and within a year returned to dealing drugs.

Notwithstanding the fact that the trial court had other options besides ordering full execution of Gregg's sentences, we cannot say that the trial court acted outside its discretion when it ordered him to serve the remainder of his previously suspended sentences in the DOC.

[17] Judgment affirmed.

May, J. and Vaidik, C.J., concur.