## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 04 2017, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Phyllis J. Emerick
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Daniel Moore, | December 4, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 53A01-1701-CR-102 |
| v. | Appeal from the Monroe Circuit Court |
| State of Indiana, | The Honorable Mary Ellen Diekhoff, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 53C05-0401-FC-88, 53C05-1111-FC-1120 |

**Altice, Judge.**

## Case Summary

Jason Moore appeals the revocation of his probation under cause number 53C05-0401-FC-88 (FC-88) and the sentence imposed following his plea of guilty to class C felony operating a vehicle while intoxicated (OVWI) under cause number 53C05-1111-FC-1120 (FC-1120). Moore raises the following issues on appeal:

> 1. Did the trial court abuse its discretion in ordering him to serve the entirety of his previously suspended sentence under FC-88?

> 2. Is the four-year executed sentence imposed under FC-1120 inappropriate in light of the nature of the offense and Moore's character?

We affirm.

## Facts & Procedural History

On December 23, 2003, Moore was driving while intoxicated when he crashed his car into another vehicle at a high rate of speed. One of the occupants of the other vehicle was killed and the other sustained serious bodily injury, as did Moore's passenger. Moore ultimately pled guilty under FC-88 to class C felony OVWI resulting in death and two counts of class D felony OVWI resulting in serious bodily injury. Moore received an aggregate sentence of five years, with three-and-one-half years suspended to probation. Moore's probation was revoked in August 2009, and he was ordered to serve home detention for thirty-five days before resuming probation. On November 4, 2010, Moore admitted to violating the terms of his probation by committing a new offense—

specifically, Moore had pled guilty to class D felony theft. As a result, the trial court ordered Moore's probationary term to be extended for one year.

[4] On November 19, 2011, while still on probation under FC-88, Moore again drove while intoxicated and was pulled over for driving erratically. After failing field sobriety tests and blowing a .175 on a portable breath test, Moore shoved the officer and got back into his vehicle. Moore then led the officer on a high-speed chase, which ended with Moore crashing his truck into an embankment. As a result of these events, Moore was charged under FC-1120 with class C felony OVWI and class D felony resisting law enforcement. On April 19, 2012, Moore pled guilty to class C felony OVWI and the State dismissed the resisting law enforcement charge. Moore also admitted to violating the terms of his probation in FC-88. The trial court agreed to defer conviction and sentencing for two years in order to allow Moore to enter Drug Treatment Court, successful completion of which would result in the dismissal of the charge under FC-1120.

[5] Thereafter, Moore violated the conditions of Drug Treatment Court numerous times. He failed to report as required many times, he provided a diluted urine screen in July 2016, and he was kicked out of a treatment center for violating the center's rules. Despite multiple violations, Moore was not terminated from the program. Instead, his participation in the program was extended on two separate occasions.

[6]     On September 17, 2016, Moore drove to another county and went out drinking at several bars. He drove home the next morning, and although he was not sure what his blood alcohol content was, he had to stop to vomit on the way home. Moore failed to report to probation as required that day, so probation employees and police went to Moore's residence to find him. When Moore refused to open the door, police forced entry and arrested him. As a result, the State filed a petition to revoke Moore's participation in Drug Treatment Court, in which it alleged thirty-one violations, beginning almost immediately upon Moore's entry into the program in 2012 and continuing up until the time of his arrest in September 2016.

[7]     A hearing was held on December 16, 2016, at which Moore admitted to the violations alleged in the petition. The trial court revoked Moore's probation in FC-88 and ordered him to serve the remainder of his previously suspended sentence. In FC-1120, the trial court imposed a six-year executed sentence and ordered the sentences in FC-88 and FC-1120 to be served consecutively. Moore now appeals.

## Discussion & Decision

### 1. Probation Revocation Sanction

[8]     Moore first argues that the trial court abused its discretion in ordering him to serve the remainder of his previously suspended sentence under FC-88. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App.

2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* Ind. Code § 35-38-2-3(h).

[9] Moore argues that imposition of the entirety of his previously suspended sentence was an abuse of discretion because, according to him, he made significant progress in Drug Treatment Court. Given Moore's near-constant violation of the conditions of Drug Treatment Court, we find this argument unconvincing. The trial court's decision to order Moore to serve the remainder of his previously suspended sentences was far from an abuse of discretion.

## 2. Inappropriate Sentence

[10] Moore also argues that the six-year sentence imposed under FC-1120 was inappropriate. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to

perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[11] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[12] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Moore was convicted under FC-1120 of class C felony OVWI, the sentencing range for which is two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. Thus, Moore received a sentence above the advisory, but still well below the maximum.

[13] Considering the nature of the offense, we observe that while he was on probation for an OVWI that killed one person and seriously injured two others, Moore again chose to drive while intoxicated. After being pulled over and failing field sobriety tests and a portable breath test, Moore fled from police and led them on a high-speed chase, which ended when Moore crashed his truck. The nature of the offense standing alone is more than sufficient to support the sentence imposed.

[14] Nor does Moore's character support appellate sentence revision. Moore has a significant criminal history; in addition to the OVWI offenses previously discussed, Moore has been convicted of multiple counts of criminal mischief, battery, receiving stolen property, illegal consumption of alcohol, and theft. Additionally, Moore has violated probation numerous times, and he constantly violated the conditions of Drug Treatment Court during the four years he was given to complete the two-year program. Although Moore claims to be a good father, his desire to remain involved in his daughter's life has not been enough motivation for him to live a law-abiding life and comply with the terms of probation and Drug Treatment Court. Moore has demonstrated that he is a

danger to himself and the public. Accordingly, we cannot conclude that his six-year sentence for class C felony OVWI is inappropriate.

[15] Judgment affirmed.

[16] Baker, J. and Bailey, J., concur.