## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Aug 17 2017, 7:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Clinton Judd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 17, 2017

Court of Appeals Case No.
48A02-1611-CR-2726

Appeal from the Madison Circuit
Court.
The Honorable Mark Dudley, Judge.
Trial Court Cause No.
48D01-0806-FB-145

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Brian Judd appeals the trial court's imposition of a portion of his previously
suspended sentence following the revocation of his probation. We affirm.

# Issues

Judd presents two issues for our review, which we restate as:

> I. Whether the State presented sufficient evidence of a probation violation.
>
> II. Whether the trial court abused its discretion by ordering Judd to serve five years of his suspended sentence for violating his probation.

# Facts and Procedural History

On January 12, 2009, pursuant to a plea agreement, Judd pleaded guilty but mentally ill to criminal confinement as a Class B felony and domestic battery as a Class A misdemeanor. The plea agreement additionally stated that any executed time would be capped at six years. The trial court sentenced Judd to an aggregate term of fourteen years with six years executed and eight years suspended to probation.

Thereafter, on May 27, 2015, the State filed a notice of probation violation alleging that Judd had violated his probation by committing the offense of domestic battery. Judd denied the allegation, and an evidentiary hearing was held on June 16, 2015. The court found Judd in violation of his probation and ordered no punitive sanction imposed beyond the twenty-seven days Judd had served. He was returned to probation under all the original terms and conditions, including a no contact order with regard to the victim.

On August 27, 2015, the State filed a second notice of probation violation. It alleged that Judd had violated his probation by violating the no contact order.

Judd admitted the violation and was ordered to serve one year of his suspended sentence.

[6] The State filed a third notice of probation violation on October 4, 2016, alleging that Judd had violated his probation again by committing the criminal offense of domestic battery, a Level 5 felony, and by taking substantial steps toward committing the criminal offense of possession of a syringe, a Level 6 felony. In addition, the notice alleged that Judd had failed to abstain from the use of illicit drugs. This allegation was based upon Judd's September 20, 2016 drug screen in which he tested positive for methamphetamine/amphetamine. Finally, the notice alleged that Judd had violated his curfew on September 15, 2016.

[7] An evidentiary hearing was held at which Judd admitted the allegation that he had failed to abstain from using drugs. Evidence was presented on the remaining allegations, and the court found Judd had violated his probation by taking substantial steps toward committing the offense of possession of a syringe and that he had violated his curfew. The court sentenced him to five years of his suspended sentence and continued probation upon his release.

## Discussion and Decision

### I. Sufficiency of the Evidence

[8] Although Judd claims he is presenting only one issue to this Court, he cursorily suggests in his brief that there was insufficient evidence to show that the syringe found by a probation officer was his.

[9] The State need only prove a probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2015); *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). When the sufficiency of the evidence is at issue in a probation violation case, we consider only the evidence most favorable to the judgment, without regard to weight or credibility, and we will affirm if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated any condition of probation. *Murdock*, 10 N.E.3d at 1267.

[10] The evidence most favorable to the trial court's determination shows that a probation officer performed a search of Judd's home and found in Judd's bedroom a syringe in a dresser drawer that contained both men's and women's clothing. The entirety of Judd's argument on this issue is: "Absent any evidence that Judd wore both men and women's underwear it is just as likely as not that the syringe was found in a drawer used by a female." Appellant's Br. p. 13. The syringe was found in Judd's bedroom in his house; thus, the State presented sufficient evidence to permit the trial court to find by a preponderance of the evidence that the syringe was Judd's. Judd's argument amounts to nothing more than a request to reweigh the evidence, which we will not do.

[11] Moreover, even without considering the discovery of the syringe, the State proved Judd violated two additional conditions of his probation. Violation of a single condition of probation is sufficient to revoke probation. *Baxter v. State*, 774 N.E.2d 1037, 1044 (Ind. Ct. App. 2002), *trans. denied*. Furthermore, Judd

acknowledges that his admission to testing positive for methamphetamine is a sufficient basis, by itself, to violate his probation. *See* Appellant's Br. p. 13.

## II. Sentence

[12] Judd contends the trial court abused its discretion when, upon revoking his probation, it ordered him to serve five years of his suspended sentence. At the time of the alleged violations contained in Judd's third notice of probation violation, Indiana Code section 35-38-2-3(h) provided that if the court finds a violation of a condition of probation, it may: (1) continue the person on probation, with or without modifying the conditions; (2) extend the person's probationary period for not more than one year; and/or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[13] Judd asserts that his violations do not justify the imposition of a five-year sentence. A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. Further, probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of

imprisonment. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005).

[14] Judd violated his probation in May 2015, quickly followed by another violation in August 2015, which was a breach of the protective order put in place as a result of his violation just 3 months prior. He then added three more violations to his record in September 2016, which are the basis of this appeal. Although accepting probation and thereby agreeing to limitations on his behavior in lieu of further jail time, Judd has repeatedly demonstrated his unwillingness to comply with the conditions of his probation and to conform his behavior to lead a law-abiding life, even when under court order to do so. Furthermore, he failed to take advantage of the opportunity to change his behavior when the court afforded him leniency in his initial transgression and again when he was ordered to serve a relatively small portion of his suspended sentence for his second violation. At the evidentiary hearing in this matter, the judge remarked upon his belief in "giving people opportunities" and the fact that for a previous violation the State had requested that Judd serve four years of his suspended sentence but the court did not "go along with it at that point." Tr. p. 67. The judge also explained to Judd that he had already admitted to not following the rules of probation when he admitted to failing his drug screen and that this violation alone is enough to revoke Judd's entire suspended sentence given his

"repeat behavior." *Id.* The judge concluded by saying that "enough is enough" – Judd should be proving himself worthy of being in the community and he has done the opposite. *Id.* at 67-68. As the judge alluded to, there is nothing to suggest that Judd will suddenly change his behavior and comply with his probation conditions in the future.

## Conclusion

For the reasons stated, we conclude there was sufficient evidence for the trial court to find the syringe was Judd's and that the trial court properly exercised its discretion in ordering Judd to serve five years of his previously suspended sentence upon revocation of his probation in this matter.

Affirmed.

Baker, J., and May, J., concur.