## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Apr 23 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kathy Sue Reed,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 23, 2018

Court of Appeals Case No.
71A03-1710-CR-2448

Appeal from the St. Joseph Superior
Court.
The Honorable Jane Woodward
Miller, Judge.
Trial Court Cause No.
71D01-1512-F6-916

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Kathy Sue Reed appeals the trial court's finding that she violated the terms of her probation. We affirm.

# Issue

Reed presents one issue for our review, which we restate as: whether the trial court erred by finding Reed had violated the terms of her probation.

# Facts and Procedural History

In December 2015, Reed was charged with operating a vehicle with an alcohol concentration equivalent of .08 or more, as a Class C misdemeanor,[1] and operating a vehicle with an alcohol concentration equivalent of .08 or more while having a prior conviction, as a Level 6 felony.[2] Pursuant to a plea agreement, Reed subsequently pleaded guilty to the Level 6 felony in exchange for the State's dismissal of the Class C misdemeanor. The parties agreed to leave sentencing to the discretion of the trial court but capped the executed portion of the sentence at twelve months. The court sentenced Reed to a suspended term of eighteen months and placed her on probation for eighteen months.

In April 2017, the State filed a petition to revoke Reed's probation, alleging that she had violated her probation by testing positive for both marijuana and cocaine, failing to complete counseling as ordered by the court, and failing to attend a victim impact panel. Following an evidentiary hearing, the court

---

[1] Ind. Code § 9-30-5-1 (2001).

[2] Ind. Code §§ 9-30-5-1 and 3 (2014).

found that Reed had violated the terms of her probation and ordered that she serve two weeks in the county jail and then be returned to probation. Reed now appeals.

# Discussion and Decision

[5] Reed contends that the trial court erred by finding she violated her probation because the evidence presented by the State at the violation hearing was not substantially trustworthy and should not have been admitted.

[6] Probation is an alternative to imprisonment and is granted in the sole discretion of the trial court. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Id.*

[7] A probation revocation hearing is in the nature of a civil proceeding, and the State must prove an alleged violation only by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2015); *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000). A revocation hearing involves a more narrow inquiry than other criminal proceedings, and its procedures are to be more flexible. *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999). This flexibility is necessary in order to permit the court to exercise its inherent power to enforce obedience to its lawful orders. *Id.* Our supreme court has further explained:

> There are also sound policy justifications for such flexibility.
> Alternative sentences such as probation and community

corrections serve the humane purposes of avoiding incarceration and of permitting the offender to meet the offender's financial obligations. But for sentencing alternatives to be viable options for Indiana judges, judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences. Put differently, obstacles to revoking an alternative sentence may diminish the likelihood of community corrections placements being made in the first place.

*Id.*

[8] The decision to revoke a defendant's probation is a matter within the sound discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Thus, on appeal, we review the trial court's decision for an abuse of that discretion. *Id.*

[9] At Reed's revocation hearing, Jennifer Weeks, Reed's probation officer, testified that drug testing of Reed had revealed positive results for both marijuana and cocaine. Weeks also testified that she had received a report from the counseling center indicating that Reed had not attended for several months and that, due to her failure to attend, she had been discharged. Finally, Weeks testified that, to her knowledge, Reed had not satisfied her probationary obligation to attend a victim impact panel. All of this testimony was admitted without objection by Reed. In addition to Weeks' testimony, the State offered Exhibits 1, 2, and 3, which were the lab reports from Reed's drug tests. Reed objected to the exhibits, but they were admitted over objection after additional foundational evidence.

[10] Indiana Rule of Evidence 101(d)(2) allows for the admission of evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial. Yet, "[t]his does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). In *Reyes*, our Supreme Court adopted the substantial trustworthiness test as the means for determining whether hearsay evidence should be admitted at a probation revocation hearing. In this test, the trial court must determine whether the evidence reaches a certain level of reliability—i.e., whether it has a substantial guarantee of trustworthiness—in order to be considered at a probation revocation hearing. 868 N.E.2d at 441.

[11] Reed cites the substantial trustworthiness test and argues that the trial court should not have admitted Weeks' testimony regarding the drug test results, the counseling, and the victim impact panel. She also claims that Exhibits 1, 2, and 3 should not have been admitted. We observe, however, that Reed did not object to any of Weeks' testimony. Accordingly, she has waived this issue for appeal. *See Marsh v. State*, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004) (noting that, at probation revocation hearing, failure to object to admission of hearsay evidence waives issue for appeal). Moreover, although Reed objected to the three exhibits, Weeks had previously testified to the drug test results without objection. Thus, any error in the admission of the exhibits was harmless as the information contained in them was the same information contained in Weeks' testimony, which had already been admitted into evidence. *See In re Adoption of M.A.S.*, 815 N.E.2d 216, 223 (Ind. Ct. App. 2004) (stating that, even assuming

evidence was improperly admitted, error was harmless because it was merely cumulative of other evidence).

# Conclusion

[12] We conclude the trial court did not abuse its discretion by admitting the evidence and finding that Reed violated her probation.

[13] Affirmed.

Baker, J., and Crone, J., concur.