## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 06 2018, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrea Brown, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 6, 2018 <br><br> Court of Appeals Case No. 18A-CR-30 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D04-1612-F6-1345 |

**Darden, Senior Judge.**

## Statement of the Case

[1] Appellant Andrea Brown appeals the trial court's imposition of her previously suspended sentence following the revocation of her probation. We affirm.

# Issue

Brown presents one issue for our review, which we restate as: whether the trial court abused its discretion by ordering Brown to serve her previously suspended sentence.

# Facts and Procedural History

On December 8, 2016, Brown was found by police officers in a car with an unconscious male who had overdosed on drugs. Inside the vehicle, which belonged to Brown, police located a used syringe and a glass smoking pipe containing residue of what was later confirmed to be marijuana. Four additional syringes were found in Brown's purse. Brown told the officers she, the male, and another female had come to town to purchase drugs. Based on this incident, Brown was charged with unlawful possession of a syringe, a Level 6 felony;[1] possession of marijuana, a Class B misdemeanor;[2] and possession of paraphernalia, a Class C misdemeanor.[3] On June 29, 2017, pursuant to a plea agreement, Brown pleaded guilty to unlawful possession of a syringe, and the State agreed to dismiss the remaining two charges. At sentencing, Brown was sentenced to one year and 183 days, all suspended to probation.

---

[1] Ind. Code § 16-42-19-18 (2015).

[2] Ind. Code § 35-48-4-11 (2014).

[3] Ind. Code § 35-48-4-8.3 (2015).

[4] Not quite three months thereafter, on September 21, 2017, the State filed a verified petition for revocation of probation alleging that Brown had violated her probation by committing additional criminal offenses, specifically possession of a narcotic drug and unlawful possession of a syringe, both Level 6 felonies. At a hearing on the State's petition on October 16, 2017, Brown admitted the violation. The trial court took her admission under advisement and placed her in the Drug Court Program. Upon Brown's successful completion of the program, the State agreed to dismiss the new charges and show a satisfactory release from probation in the present case. Pursuant to the Drug Court Program participation agreement that Brown signed upon entering the program, she was required to successfully attend and complete all treatment programs, refrain from possessing, ingesting, using, selling, or distributing any illegal drugs, alcoholic beverages, or paraphernalia, and obey all laws and maintain good behavior.

[5] On November 6, 2017, Brown's Drug Court Program case manager filed a verified petition to terminate Brown's participation in the program. The petition alleged that Brown had violated the terms and conditions of the program by using heroin while residing at the inpatient treatment facility and had been found in possession of urine or a look-a-like substance to be used to interfere with a urine screen. Following a hearing where Brown admitted to the violations, the court terminated Brown from the Drug Court Program. The State then filed a second verified petition for revocation of probation based on Brown's failure to successfully complete the Drug Court Program. After

conducting a hearing, the trial court found Brown violated her probation, revoked her probation, and ordered her to serve her suspended sentence in the Indiana Department of Correction. This appeal ensued.

# Discussion and Decision

[6] Brown contends the trial court abused its discretion when, upon revoking her probation, it ordered her to serve the entirety of her suspended sentence. In support of her argument for leniency, she points to the fact that this is her first adult felony conviction and that she accepted responsibility for her actions.

[7] A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. Further, probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon her behavior in lieu of imprisonment. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005).

[8] At the time of Brown's violations, Indiana Code section 35-38-2-3(h) (2015) provided that if the court finds a violation of a condition of probation, it may: (1) continue the person on probation, with or without modifying the conditions; (2) extend the person's probationary period for not more than one year; and/or

(3) *order execution of all or part of the sentence that was suspended at the time of initial sentencing.* (Emphasis added). A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[9] Brown had been abusing drugs for over eight years and was involved in a dangerous drug situation when she was arrested on the current charges. The trial court afforded her an opportunity to avoid incarceration altogether by giving her a completely suspended sentence, for which she accepted probation and agreed to limitations on her behavior. However, in less than three months, Brown was charged with two additional Level 6 felony drug charges and was facing a probation violation. Rather than revoking Brown's probation as it could have done, the court again generously allowed her to participate in inpatient treatment through the Drug Court Program. Completion of the program would, presumably, have meant Brown was drug free but also would have obtained for her dismissal of the new charges and satisfactory release from probation in the present case. Yet, Brown went to the inpatient facility on October 27, 2017, and, just three days later on October 30, 2017, squandered the opportunity by using heroin at the facility as well as using another individual's urine in order to pass a urine drug screen.

[10] Brown has repeatedly demonstrated her unwillingness to comply with the conditions of her probation and to conform her behavior to lead a law-abiding

life, even when confined to an inpatient facility. Within four months of pleading to a felony drug offense, she had violated her probation twice and had accumulated two new felony drug offenses. Moreover, she failed to take advantage of a second opportunity—Brown informed the court she had previously been through treatment, after which she had remained "clean" for twenty-two months—to change her behavior and become drug free when the court afforded her leniency in her initial transgressions. Tr. p. 28. Considering the number and serious nature of Brown's violations within the first few months of her probationary period, we find nothing to suggest that she will comply with probation conditions or facility rules in the future.

## Conclusion

For the reasons stated, we conclude the trial court properly exercised its discretion in ordering Brown to serve her previously suspended sentence upon revocation of her probation in this matter.

Affirmed.

Vaidik, C.J., and May, J., concur.