## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 22 2019, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tachanavian Miles, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 22, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2813 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David A. Happe, Judge <br><br> Trial Court Cause No. <br> 48D04-1007-FD-239 |

**Darden, Senior Judge.**

# Statement of the Case

Tachanavian Miles appeals the trial court's finding that she violated the terms of her probation. We affirm.

# Issue

Miles presents a single issue for our review, which we restate as: whether the trial court erred by admitting certain evidence at Miles' probation revocation hearing.

# Facts and Procedural History

In July 2010, the State charged Miles with operating a motor vehicle while intoxicated, a Class A misdemeanor;[1] driving while suspended, a Class A misdemeanor;[2] and operating a motor vehicle while intoxicated, a Class D felony.[3] Pursuant to a plea agreement, Miles pleaded guilty to the Class D felony offense in September 2010. Sentencing was set for November 9, 2010, at which time the parties appeared, and the court found Miles in contempt for failing to report for her pre-sentence interview with the probation department. The court deferred sanctions for the contempt and reset sentencing for December 14. On that date, the court sentenced Miles to twenty-four months

---

[1] Ind. Code § 9-30-5-2 (2001).

[2] Ind. Code § 9-24-19-2 (2000).

[3] Ind. Code § 9-30-5-3 (2008).

on the Class D felony. The court suspended the sentence except for five days and further ordered that, in lieu of jail time, Miles would perform 144 hours of community service. Miles was also ordered to serve 729 days of probation, and the sentence in this cause was ordered to be served consecutively to her sentence in cause 48D04-0910-FD-409. The State dismissed the remaining charges, and the court imposed no sanction on the prior contempt finding.

[4] In December 2011, a notice of probation violation was filed against Miles alleging that she had violated the terms and conditions of her probation by failing to report timely to the probation department, failing to complete 144 hours of community service and provide written verification of such, failing to pay probation fees, failing to pay the administrative fee, failing to maintain employment and/or verify employment, and failing to complete the victim offender encounter group. Miles failed to appear for the initial hearing on January 13, 2012, regarding the notice of probation violation, and the court issued a warrant for her arrest. Subsequently, in May 2015, Miles was arrested on the outstanding warrant. In June 2015, the court held a hearing on her failure to appear as well as an initial hearing on the notice of probation violation. The court found Miles in contempt for her failure to appear and sanctioned her to thirty days with no credit given. Miles entered a denial to the probation violation.

[5] Later in June 2015, the court held an evidentiary hearing on the alleged violations of probation, and Miles admitted the allegations contained in the notice of probation violation. The court found Miles had violated the terms

and conditions of her probation and ordered her probationary period modified to include successful completion of the Continuum of Sanctions program in cause FD-409. The court further ordered Miles to disclose all prescription medications to the probation department within forty-eight hours and ordered her not to operate a motor vehicle under any circumstances.

[6] A second notice of probation violation was filed in May 2017. In this instance, the State alleged that Miles had violated the terms and conditions of her probation by failing to report timely to probation and not reporting since March 2017; failing to obtain a substance abuse evaluation, comply with treatment recommendations, and provide verification of successful completion of the treatment program to the probation department; failing to maintain employment and/or verify employment; and failing to abide by curfew. Upon the recommendation of the probation department, a warrant was issued for Miles' arrest. In May 2018, the State filed an amended notice of probation violation to include the allegation of failure to abide by the laws of the State of Indiana and behave well in society. Specifically, the State alleged Miles had committed several new criminal offenses consisting of two counts of aiding, inducing, or causing robbery resulting in bodily injury, as Level 3 felonies.

[7] Miles was later arrested on the outstanding warrant in October 2018. At the initial hearing on the amended notice of probation violation, she entered a denial to the allegations, and the court scheduled an evidentiary hearing for November 2018.

[8] At the evidentiary hearing, Detective Mitch Carroll with the Anderson Police Department testified on behalf of the State. Detective Carroll testified about a July 2017 robbery investigation that involved Miles and about his interview of Joseph Elliott, the robbery victim. Miles objected on the basis of hearsay to the Detective's testimony of Elliott's statements. The court overruled the objection, stating: "The court will find based on the circumstances that this was an interview conducted by a known police officer regarding the facts of an alleged crime, that there are indicia of reliability that show that while this is hearsay it's admissible hearsay in this probation violation proceedings [sic]." Tr. Vol. II, p. 13.

[9] Thereafter, Detective Carroll testified that Elliott was dating Nicole Layman, and, on July 12, 2017, Layman and Miles were at Elliott's apartment. The two women offered to purchase the Suboxone that Elliott had been prescribed, but Elliott declined the sale. Elliott then drove the two women, at Miles' direction, to another residence in Anderson. Elliott pulled into the dimly lit driveway, and both women exited the car. Immediately, two men approached the car—one on the driver's side and one on the passenger side—and robbed Elliott at gunpoint, taking his billfold, the Suboxone, and his cell phone. Thirty-five minutes later, Miles was captured on surveillance video at a Super 8 Motel paying for a room with one of the credit cards from Elliott's billfold. The Detective testified that there were also two online purchases, one of which was for $250 at a sporting goods retailer and the other was from a firearm dealer for a "laser sight and a large drum magazine for a Glock" that were to be delivered

to Miles' grandparents' residence. Tr. Vol. II, p. 16. The State then moved for admission of Exhibit 1, Detective Carroll's probable cause affidavit in the robbery charges filed against Miles. Exhibit 1 was admitted without objection.

[10] The State next called Shantel Long, Miles' probation officer, to testify. Long testified that Miles had been reporting to the probation department prior to March 2, 2017, but she had not reported since then. Miles began attending substance abuse treatment but had failed to complete it. In addition, Long testified that Miles reported that she was employed but had failed to provide verification of employment as requested. Finally, Long testified that a home visit was conducted after curfew on May 12, 2017, and Miles was not at her residence.

[11] Miles testified at the evidentiary hearing and admitted that she stopped reporting to her probation officer. She further stated that she completed substance abuse treatment, although the probation office did not receive documentation of such completion. Miles also stated that she was employed for a period of time but that she could not recall whether she had provided proof of her employment to the probation department. Finally, Miles testified she did not recall a home visit or any curfew violation. Miles presented no testimony regarding the new charges of robbery.

[12] Following the presentation of evidence and argument by counsel, the court determined that Miles had violated the terms and conditions of her probation as alleged in the notice of probation violation. The court revoked her probation

and imposed the balance of her previously suspended sentence. Miles now appeals.

## Discussion and Decision

[13] Miles contends the trial court erred by considering hearsay evidence in revoking her probation.

[14] We begin by noting that probation is an alternative to imprisonment and is granted in the sole discretion of the trial court. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Id.*

[15] A probation revocation hearing is in the nature of a civil proceeding, and the State must prove an alleged violation only by a preponderance of the evidence. Ind. Code § 35-38-2-3(f) (2015); *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000). A revocation hearing involves a more narrow inquiry than criminal proceedings, and its procedures are to be more flexible. *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999). This flexibility is necessary in order to permit the court to exercise its inherent power to enforce obedience to its lawful orders. *Id.* The decision to revoke a defendant's probation is a matter within the sound discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Thus, on appeal, we review the trial court's decision for an abuse of that discretion. *Id.*

[16] Further, Indiana Rule of Evidence 101(d)(2) allows for the admission of evidence, such as hearsay, during probation revocation hearings that would not be permitted in a full-blown criminal trial. Yet, "[t]his does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). In *Reyes*, our Supreme Court adopted the substantial trustworthiness test as the means for determining whether hearsay evidence should be admitted at a probation revocation hearing. In this test, the trial court must determine whether the evidence reaches a certain level of reliability—i.e., whether it has a substantial guarantee of trustworthiness—in order to be considered at a probation revocation hearing. 868 N.E.2d at 441.

[17] Here, Miles argues that the trial court erred by allowing Detective Carroll to testify as to Elliott's statements regarding the robbery. She claims the evidence was not substantially trustworthy and should not have been admitted.

[18] The record in this case indicates that Detective Carroll's sworn testimony bore substantial indicia of trustworthiness. Detective Carroll, a trained police officer, testified to the information he learned in the normal course of investigating a crime. The initial interview of the victim was a formal interview that was conducted at the police station and was recorded. A follow-up interview was later conducted at the victim's home. In addition, Detective Carroll testified about evidence discovered during the investigation of the crime that corroborated Elliott's statements—namely, the video footage of Miles using Elliott's credit card at a Super 8 Motel just thirty-five minutes after the

robbery as well as her use of his credit card for online purchases that were scheduled to be delivered to the home of her grandparents. Thus, we cannot say the trial court abused its discretion in admitting Detective Carroll's testimony.

[19] Nevertheless, even if the trial court did abuse its discretion in admitting the detective's testimony, any error was harmless because State's Exhibit 1 bore sufficient indicia of reliability to be considered substantially trustworthy. State's Exhibit 1 is Detective Carroll's probable cause affidavit for the robbery charges against Miles. This Court has held that a probable cause affidavit prepared and signed under oath by an officer bears substantial indicia of reliability. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Here, Detective Carroll testified that Exhibit 1 is his affidavit, and it bears his signature as "AFFIANT." *See* Ex. 1, Vol. III, pp. 4-5. Moreover, when the State moved for the admission of Exhibit 1 at the revocation hearing, defense counsel stated he had no objection. *See* Tr. Vol. II, p. 18. Therefore, any error stemming from the hearsay statements that were admitted through the detective's testimony was harmless because the affidavit for probable cause, which contained the same information, bore sufficient indicia of reliability.

[20] Furthermore, Miles admitted to at least one of the alleged violations (failure to report), and "[p]roof of any one violation is sufficient to revoke a defendant's probation." *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (quoting *Brooks v. State*, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998), *trans. denied*). Finally,

in addition, probation officer Long's testimony was enough to support the court's revocation of Miles' probation.

# Conclusion

[21] For the reasons stated, we conclude the trial court did not err by admitting the detective's testimony at Miles' probation revocation hearing.

[22] Affirmed.

Robb, J., and Brown, J., concur.