## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2020, 5:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christa A. Bays, *Appellant-Defendant,* | April 15, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2027 |
| | Appeal from the Ripley Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Jeffrey Sharp, Judge |
| | Trial Court Cause No. 69D01-1609-CM-261 69D01-1704-CM-109 69D01-1904-CM-146 |

**Barnes, Senior Judge.**

# Statement of the Case

Christa Bays appeals the sentence she received for her convictions of two counts of check deception, a Class A misdemeanor.[1] In addition, Bays appeals the trial court's imposition of her entire previously suspended sentences following her admission to violating the terms of her probation. We affirm.

# Issues

Bays presents two issues for our review, which we restate as:

> I. Whether Bays' one-year sentence for two counts of check deception is inappropriate.
>
> II. Whether the trial court abused its discretion by ordering her to serve her entire previously suspended sentences.

# Facts and Procedural History

In September 2016, Bays was charged with Class A misdemeanor check deception under cause number 69D01-1609-CM-261 ("CM-261"). In February 2017, Bays pleaded guilty to the charge and received a suspended sentence of one year with one year of probation.

In April 2017, Bays was charged with Class A misdemeanor driving while suspended with a prior under cause number 69D01-1704-CM-109 ("CM-109").

---

[1] Ind. Code § 35-43-5-5 (2014).

In October 2017, Bays entered a plea of guilty to the charge and was sentenced to one year, suspended to one year of probation.

In September 2018, the State filed a petition for probation violation in both CM-261 and CM-109 based upon several new charges being filed against Bays. Bays later admitted to the violations, and the court revoked her probation and ordered her to serve her suspended sentences in both causes.

Finally, in April 2019, Bays was charged with two counts of Class A misdemeanor check deception under cause number 69D01-1904-CM-146 for writing checks to the local grocery store that were returned for insufficient funds. Bays pleaded guilty to both counts and received concurrent one-year sentences. Bays now appeals.

# Discussion and Decision

## I. Inappropriate Sentence

Bays first contends that her aggregate one-year sentence for her conviction of two counts of Class A misdemeanor check deception in CM-146 is inappropriate in light of the nature of the offenses and her character.

Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's

sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offenses. Here, Bays was convicted of two Class A misdemeanors, for which each sentence may not exceed one year. Ind. Code § 35-50-3-2 (1977). The court sentenced Bays to one year on each of the counts and ordered them to be served concurrently.

[10] Next, we look to the nature of the offenses. On August 5, 2018, Bays wrote a check to the Sunman IGA grocery store in the amount of $207.45, and, on August 19, 2018, she wrote another check to the same store in the amount of $167.13. Both checks were returned for insufficient funds.

[11]     With regard to the character of the offender, the trial court observed that Bays' criminal history is "atrocious." Tr. Vol. 2, p. 25. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*. Yet, Bays' history is not minor. The State informed the court that Bays' record includes check deception in 1998; check deception and fraud on a financial institution in 1999; C felony fraud on a financial institution in 2000; driving while suspended in 2006; felony forgery in 2007; check deception and driving while suspended in 2012; driving while suspended in 2013; theft and check deception in 2016; driving while suspended, check deception, and compulsory school attendance violation in 2017; and theft, check deception, and Level 5 felony burglary in 2018. The trial court declared to Bays that her criminal history "might be one of the top ten in this Court." *Id.* at 22. Moreover, at the time of sentencing, Bays had pending charges of three counts of driving while suspended, felony burglary, felony theft, and felony possession of methamphetamine.

[12]     In addition, in determining a defendant's sentence, the court may consider as an aggravating circumstance the fact that the defendant recently violated conditions of probation. Ind. Code § 35-38-1-7.1(a)(6) (2015). A defendant's commission of offenses while on probation is a "substantial consideration" in the assessment of her character. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Accordingly, the trial court took into consideration that Bays has violated her probation numerous times and had petitions to revoke pending in CM-261 and CM-109.

[13]     Bays claims that her criminal behavior is due to her substance abuse problem, and at sentencing she requested to enter a substance abuse program in lieu of imprisonment. In response to her claims and request, the court stated:

> I mean, at some point Ms. Bays, I have to look at individuals who commit crimes because they are on drugs and then I have to look at individuals who have criminal thinking who migrate to drugs as well. Do you understand? There is a difference between the two and your criminal history leads me to believe that you have criminal thinking and that is what has led you to drugs, not the other way around because that history goes back a long way and that history is ch[ock] full of deceit, so that is why I am a little leery to believe anything you say here today because when I'm talking about Check Deception, after Check Deception, after Check Deception, Thefts, after Thefts, after Theft.
>
> I'm not putting you in that program, not with that criminal history. Like I said, I believe that you are a high risk to re-offend. I believe that you have extremely high criminal thinking and a history full of fraud and deceit and that is not the type of person that needs to be in a program where I'm trying to get individuals clean[.]

Tr. Vol. 2, pp. 23, 26.

[14]     The court noted the fact that Bays had pleaded guilty and stated her desire to change but stated those factors were diminished by her criminal history full of crimes of deceit as well as her commission of new offenses while on probation. In light of these circumstances, the trial court nevertheless sentenced her to the lenient aggregate sentence of one year. Bays has not met her burden of presenting compelling evidence portraying in a positive light the nature of the

offenses and her character in order to overcome the trial court's sentencing decision.

## II. Sentencing Discretion

Next, Bays asserts that the trial court abused its discretion when, upon revoking her probation in CM-261 and CM-109, it ordered her to serve the entirety of her one-year suspended sentence in each cause.

A defendant is not entitled to serve a sentence on probation; rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans denied*. Further, probation is a criminal sanction for which a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. These restrictions are designed to ensure that probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005).

Indiana Code section 35-38-2-3(h) (2015) provides that if the court finds a violation of a condition of probation, it may: (1) continue the person on probation, with or without modifying the conditions; (2) extend the person's probationary period for not more than one year; and/or (3) *order execution of all or part of the sentence that was suspended at the time of initial sentencing*. A trial court's sentencing decisions for probation violations are reviewed for an abuse

of discretion. *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[18] The State's petition, to which Bays admitted, states that she had previously violated her probation in CM-261 by committing new offenses and that the court had merely ordered her to continue her probation with the same conditions. It further alleges that she had violated her probation in both CM-261 and CM-109 by being charged with the new criminal offenses of compulsory school attendance violation, three counts of driving while suspended, misdemeanor theft, felony burglary, felony theft, and felony possession of methamphetamine.

[19] Bays suggests she should not have been ordered to serve her entire suspended sentence because she admitted the violations and took responsibility for her actions. However, Bays did not take responsibility for her actions; rather, she blamed her criminal activity on her alleged drug problem. As we set out in the prior issue, the trial court did not accept this excuse.

[20] Moreover, it is highly relevant that when Bays has been released to probation, she has continually violated the terms of her probationary placements. Her repeated refusal to comply with court-ordered terms of probation demonstrate that it is unlikely she would be able to successfully complete her probationary periods in these causes. Thus, we cannot say the trial court's decision to order

Bays to serve her entire previously suspended sentences of one year each is clearly against the logic and effect of the facts and circumstances of this case.

# Conclusion

[21] Considering both the nature of the offenses and the character of the offender and giving due consideration to the trial court's sentencing decision, we are unable to conclude that Bays' aggregate one-year sentence in CM-146 is inappropriate. Furthermore, we conclude the trial court properly exercised its discretion in ordering Bays to serve the entirety of her previously suspended sentences upon revocation of her probation in CM-261 and CM-109.

[22] Affirmed.

Baker, J., and Najam, J., concur.